No. 22. KOOLAU MAILE, FORMERLY KOOLAU KAIKAINAHAOLE, INDIVIDUALLY AND AS ADMINISTRATRIX OF THE ESTATE OF JOHN W. KAIKAINAHAOLE, DECEASED, ETHEL H. AND HERMAN M. KAIKAINAHAOLE, MINORS, BY THEIR GUARDIAN KOOLAU MAILE, AND JOHN KAIKAINAHAOLE, A MINOR, BY HIS GUARDIAN AD LITEM KOOLAU MAILE v. JOSEPH O. CARTER AND ALLEN & ROBINSON, LIMITED, AND PAUL MUHLENDORF, M. P. ROBINSON, J. O. CARTER AND BATHSHEBA M. ALLEN, TRUSTEES UNDER THE WILL OF SAMUEL C. ALLEN, DECEASED. Petition filed November 6, 1905, for rehearing of the case decided, ante p. 49, on the grounds: (1) that under the special circumstances alleged the mortgagee became a trustee for the widow and heirs of the mortgagor and as such was legally required to account and have the balance due ascertained before he could exercise his right under the power; (2) that upon well established principles of law under the allegations an accounting was a condition precedent to the exercise of the right of foreclosure; (3) that equity should set aside the foreclosure

and allow the widow and heirs to redeem in view of the alleged special facts that the mortgagee knew that unless the claim was presented to the administratrix she could not legally pay the debt out of the estate and that there was no legal obstacle to the presentation of the claim and that the failure to present it would probably result in the acquisition of the land for the mortgagee; (4) that in view of the fact that neither the widow nor the heirs had separate funds in their hands this is one of the cases in which equity exists for the purpose of administering adequate relief; (5) that under the allegations this is not one of the cases in which the rights of minor heirs may be cut off by foreclosure and that to deprive them of the right to redeem would produce inequitable consequences; (6) that equity seizes upon slight circumstances to relieve minors from the strictness of the law and that sufficient circumstances are alleged in this case; (7) that no demand for an accounting was required by law prior to the foreclosure, but that when the demurrer was sustained below leave to amend in this respect was made and refused, which fact is not referred to in the opinion; (8) that it is inaccurate to hold that the mortgagee might rely upon the powers contained in the mortgage irrespective of the statute which provides for notice of intention to foreclose, etc., and (9) that the bill alleges that proper entry was not made. Decided November 8, 1905, without argument under Rule 5. *Per curiam.* The petition is denied. *H. E. Highton* and *C. W. Ashford* for petitioners.